Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000063
05-SEP-2014
08:23 AM

NO. CAAP-13-0000063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ANTHONY COSTANTE, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1000)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Anthony Costante (Costante) appeals from the "Order of Resentencing; Revocation of Probation" (Revocation Order) entered on May 14, 2012, and the "Amended Order of Resentencing; Revocation of Probation" (Amended Revocation Order) entered on August 27, 2012 in the Circuit Court of the First Circuit (circuit court).[1] These orders revoked Costante's probation under Hawaii's Opportunity Probation with Enforcement (HOPE) program and *inter alia* sentenced him to ten years imprisonment with credit for time served.

After being granted HOPE probation, Costante violated the terms of his probation two months later when he had a positive drug test. He was given fifteen days in jail for that first violation. Several weeks later, Costante again violated the terms of his probation and, as a result, the circuit court

---

[1] With regard to the orders on appeal, the Honorable Steven S. Alm presided.

revoked his probation because Costante had (1) refused to submit to a urinalysis or failed to submit to urinalysis within two hours of instruction and (2) failed to report to his probation officer upon his release from custody for the first violation.

Although Costante filed an untimely notice of appeal on February 1, 2013, we address the case on the merits.[2]

Costante's point of error on appeal is that "[t]he Trial Court improperly assumed the role as advocate for the State in directing the State to file a motion to revoke and further, in [revoking] Appellant's Hope Probation." Costante requests that this court vacate the Revocation Order and the Amended Revocation Order and remand the matter for proceedings before a different judge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the applicable law, we resolve Costante's point of error as follows and affirm.

I. Relevant Procedural History

In this case, Costante was charged with Robbery in the Second Degree and he entered a plea of no contest. At a December 7, 2011 hearing before the Honorable Glenn J. Kim, Costante requested and was granted HOPE probation. In the "Judgment of Conviction and Probation; Sentence; Notice of Entry" (Judgment) filed on December 7, 2011, Costante was sentenced to five years HOPE Probation. At the sentencing hearing, Judge Kim explained the terms and conditions of Costante's probation, and Costante signed an acknowledgment form agreeing to the terms of his probation.

The conditions of Costante's probation included inter alia that: he report to his probation officer as ordered by the court or his probation officer; he not "possess, use, or consume

---

[2] The Hawai'i Supreme Court has stated, "[i]n criminal cases, we have made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998).

any alcohol, unprescribed or illegal drug"; he submit to urinalysis and/or other alcohol/drug testing protocol as directed by his probation officer and that "[a]ny positive finding(s) [or] a failure to provide a valid specimen within two hours[] . . . may be considered prima facie evidence of probation violation[.]"

On December 27, 2011, a HOPE Warning Hearing (Warning Hearing) was held with the Honorable Steven S. Alm presiding. Among other things, the court warned Costante that if he had been the sentencing judge, Costante may have received the open term sentence rather than HOPE probation given Costante's history. The court further advised Costante that if he made mistakes during probation, the manner in which he handled those mistakes would be significant in how the court would view the circumstances.

Less than two months later, on February 16, 2012, Probation Supervisor Gerald Oyasato filed a Motion for Modification of the Terms and Conditions of Probation (First Motion for Modification). In his affidavit, the probation supervisor asserted that Costante had a positive drug screen/test for Amphetamine and Methamphetamine on February 8, 2012. A hearing was held on February 21, 2012, before Judge Alm. Costante was sentenced to 15 days in jail, with credit for time served from the date of his arrest on the probation violation, and also ordered to see his probation officer when he got out of jail and to obtain and maintain mental health treatment and services. During the hearing, Judge Alm reminded Costante that if he had been the initial sentencing judge, Costante likely would have gone to prison. The court also warned Costante that the only reason Costante was getting 15 days in jail was because he did report. The court further advised Costante, "remember what I said, if you run away it probably means the open term the very first time." On the same day, the circuit court filed the Order Granting Motion for Modification of the Terms and Conditions of Probation sentencing Costante to inter alia 15 days of jail.

About three weeks later, on March 12, 2012, Senior Probation Officer Calvin J. Ung (Probation Officer Ung) filed a Motion for Modification of the Terms and Conditions of Probation (Second Motion for Modification). In his affidavit, Probation Officer Ung attested that (1) on March 7, 2012, Costante refused to submit to a urinalysis or failed to submit to urinalysis within two hours of instruction, and (2) Costante failed to report to his probation officer upon his release from custody.

At an April 5, 2012 hearing on the Second Motion for Modification, the circuit court continued the hearing and requested that the State file a motion to revoke probation.

On April 13, 2012, the State filed a "Motion for Revocation of Probation and Resentencing" (Motion for Revocation) requesting that the court "revoke probation granted to [Costante]" and "resentence him to imprisonment in full."

A hearing was held on April 18, 2012, at which Costante agreed that he violated conditions of his probation. Costante requested that he be permitted to enter a drug treatment program, while the State requested that Costante be sentenced to the open term of ten years imprisonment. The circuit court revoked Costante's probation and sentenced him to ten years imprisonment, with credit for time served.

The circuit court filed the Revocation Order on May 14, 2012, and the Amended Revocation Order on August 27, 2012.

II. Discussion

Costante asserts that the circuit court improperly took on the role of prosecutor and advocate for the State by requesting that the State file a motion to revoke probation, thereby failing to act impartially.

A reversal on grounds of judicial bias or misconduct is warranted only when it is demonstrated that the trial court proceedings were unfair. Aga v. Hundahl, 78 Hawai'i 230, 242, 891 P.2d 1022, 1034 (1995). "Unfairness, in turn, requires a clear and precise demonstration of prejudice." Id. Where a party offers no proof of the trial judge's alleged bias other

4

than the circumstantial evidence of the judge's adverse rulings, "[s]uch evidence, without more, is insufficient to support a claim of judicial bias. Id.

The circuit court's request that the State file a motion to revoke did not prejudice Costante. As Costante accurately points out, the circuit court did explicitly request that the State file a motion to revoke probation. However, pursuant to Hawaii Revised Statute § 706-625(1) (2013 Supp.), "on application of a probation officer, the prosecuting attorney, the defendant, *or on its own motion*, after a hearing," the court may revoke probation. (Emphasis added.) Because the circuit court could have simply revoked probation on its own motion, rather than by instructing the State to file a motion, Costante cannot show that he was prejudiced by the circuit court's request that the State file a motion to revoke.

Moreover, the circuit court did not err in revoking Costante's probation. Costante claims that because the probation officer did not initially seek revocation in March 2012, the probation officer did not see the violations as substantial. This argument has no merit. As noted above, the terms of Costante's probation included, among other things, that he: report to his probation officer as ordered by the court or his probation officer; submit to urinalysis and/or other alcohol/drug testing protocol as directed by his probation officer and that "[a]ny positive finding(s) [or] a failure to provide a valid specimen within two hours[] . . . may be considered prima facie evidence of probation violation[.]" It is undisputed that Costante violated both of these conditions, and did so after already having had a previous probation violation and having been repeatedly warned that he must meet the terms of his probation. Moreover, notwithstanding the circuit court's explicit warning against running, Costante failed to report to his probation officer as required by the circuit court and was arrested pursuant to a bench warrant.

5

THEREFORE, the "Order of Resentencing; Revocation of Probation," entered on May 14, 2012 and the "Amended Order of Resentencing; Revocation of Probation," entered on August 27, 2012 in the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, September 5, 2014.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge